IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANABEL ESTRADA,** <br><br> Plaintiff, <br><br> v. <br><br> **AEROVIAS DE MEXICO, S.A. de C.V., individually and d/b/a AEROMEXICO, and AEROLITORAL, S.A. de C.V., individually and d/b/a AEROMEXICO CONNECT,** <br><br> Defendants. | Case No. 18 C 5526 <br><br> Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

The Court hereby denies Defendants' motion for leave to take a second deposition of Plaintiff.

### I. BACKGROUND

This matter concerns a July 31, 2018, airline crash of Aeromexico Flight 2431 scheduled to depart from Durango, Mexico with an intended destination of Mexico City. Plaintiff Anabel Estrada ("Estrada"), a passenger on the subject flight with her daughter, alleges she suffered physical and emotional injuries, including traumatic brain injury ("TBI") as a result of the crash that occurred just after takeoff. On August 13, 2018, Estrada filed her complaint (Dkt. No. 1) seeking recovery under the Montreal Convention for her injuries against Defendants Aeromexico and its subsidiary Aeromexico Connect (collectively, "Defendants").

Specifically, Plaintiff alleges the plane crash caused her to sustain a TBI which caused and manifests as various emotional and psychological symptoms.

The parties conducted discovery, including finalizing Estrada's independent medical examinations, seventeen depositions including ten expert depositions, six treating physician depositions, and Plaintiff's deposition, which occurred on November 21, 2019. (Dkt. No. 38, Plaintiff's Response ("Pl. Resp.") at 2-3.) Discovery was initially scheduled to close on May 31, 2021, but was extended by request of the parties to December 23, 2022. On April 5, 2023, this Court entered an amended scheduling order that granted another extension of fact discovery to June 28, 2023. (Dkt. No. 34, Order.) On June 27, 2023, one day before the close of discovery, Defendants filed an unopposed motion for another extension of discovery pursuant to the outcomes of Defendants' additional requests for depositions. (Dkt. No. 37.)

Defendants claim they learned of additional details in April 2022 regarding Estrada's personal life – namely, her divorce with her ex-husband and her ex-husband's criminal conduct. (Dkt. No. 35-1, Defendants' Motion for Leave ("Mot.") at 4.) Shortly after the plane crash in which Estrada had been a passenger, law enforcement came to her house looking for her ex-husband, Cesar Estrada. Cesar Estrada then fled to Mexico to evade federal drug trafficking charges. (Dkt. No. 35-3, Kohn Report at 4); (Dkt.

No. 35-4, Samuelson Report at 5.) It was discovered also that Estrada's ex-husband had involved Estrada's brother in the criminal activity, whom Estrada had to bail out of prison. (*Id.*)

Over a year after learning of these familial circumstances, on May 15, 2023, Defendants emailed Plaintiff's counsel requesting for the first time a second deposition of Plaintiff, claiming they were unable previously to question Plaintiff about the issue because it had not been disclosed. (Dkt. No. 38-8, Exhibit H.) Defendants contended the issue of Estrada's family strife was of critical importance, as it could relate to her alleged psychological symptoms she claims were caused by the crash. (*Id.*) Unable to reach an agreement with Plaintiff, Defendants moved for leave of court on June 15, 2023, to depose Estrada for a second time – fourteen months after learning of the family issues and one week before the close of discovery. (Dkt. No. 35.)

## II.  **LEGAL STANDARD**

Rule 30(a)(1) generally permits a party to depose anyone without leave of court. FED. R. CIV. P. 30(a)(1). When "the deponent has already been deposed in the case," though, a party "must obtain leave of court" to depose the person again unless the opponent agrees to the new deposition.  FED. R. CIV. P. 30(a)(2)(A)(ii).

This court may grant leave to a party to depose a witness more than once "to the extent consistent with Rule 26(b)(2)." See FED. R. CIV. P. 30(a)(2)(A)(ii). Rule 26(b)(2)(C) permits the court

to limit the frequency or extent of discovery if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

A district court "has broad discretion in analyzing [Rule 26(b)] factors and should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function of the particular case before the court." *Howard v. Securitas Security Services,* 2011 WL 1483329, at *1 (N.D. Ill. April 19, 2011) (quoting *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002)).

### III. **DISCUSSION**

Defendants' argument boils down to needing to depose Estrada for a second time because her husband's alleged criminal activity, abandonment, and the resulting divorce would be enough to cause the very same psychological disturbances that Plaintiff argues resulted from the subject incident plane crash. Defendants find that Estrada withheld the information about the issue, mentioning her divorce only "in passing" during background questions but

"omitt[ing] it entirely when asked about the potential causes of her emotional injuries." (Dkt. No. 39, Defendants' Reply ("Reply") at 8.) A second deposition is thus necessary as only Estrada can speak to the effect the divorce had on her, and whether this "family upheaval" was a contributing cause "goes to the heart" of Plaintiff's claimed injuries and damages. (Mot. at 8.) Because Plaintiff made emotional injuries the "key component" of her damages claim, Defendants find it unfair for Plaintiff to "use her emotional injuries as both a sword and shield." (*Id.* at 10.)

The Court does not disagree the subject of a second deposition would be relevant to the claims at issue, but that is not the only consideration. Noticeably absent from Defendants' briefing is any explanation of their fourteen-month delay in pursuing the second deposition after learning of the circumstances surrounding Estrada's ex-husband. Though the request for one deposition itself does not seem burdensome, it is within the Court's discretion to balance other factors such as unreasonable or unnecessary delays as well. In *LKQ Motors Corp. v. General Motors Company,* the court denied a request for additional depositions when the plaintiff waited until the end of the discovery period to request them, and in light of prior delays in the case. 2021 WL 4125097, at *3 (N.D. Ill. Sept. 9, 2021). Similarly, in *In re Sulfuric Acid Antitrust Litigation,* the court denied a request for a second deposition of an individual when plaintiff waited until the last day of discovery

to request it, despite having been aware of needing it for months. 230 F.R.D. 527, 533 (N.D. Ill. 2005).

Further, there is record evidence in the related case brought by Plaintiff's daughter, Crystal Estrada, ("Crystal"), that Defendants were put on notice in November 2019, at Crystal's deposition, of these family troubles. Defendants elected not to elicit the details about the family issues despite learning they caused Crystal mental distress "nearly every day," waiting instead three and a half years to request second depositions of Crystal and her mother in June 2023. *See Estrada v. Aeromexico,* 18-cv-5540 (Dkt. No. 45-7, C. Estrada Deposition, at 114:22-126:9). *See also Clarendon Am. Ins. Co. V. Ga. Nat'l Trucking Co., LLC*, 2008 WL 11336805, at *3 (N.D. Ga. Dec. 18, 2008) (denying request for second deposition when defendants "had an opportunity to expand upon the discussion . . . but chose not to do so").

Defendants challenge whether there would be any real impact on the trial timeline because a second deposition would likely require changes to Plaintiffs' expert opinions only, as Defendants' experts "were made aware of Plaintiff's family upheaval, and each provided opinions on the effect of Plaintiff's divorce in their reports." (Reply at 5.) Defendants would rather Plaintiffs' expert opinions change after the second deposition of Plaintiff but before trial so that Defendants have time to prepare for a defense and are not "ambush[ed]" at trial. Yet Defendants

have not adequately allayed the risk that a second deposition would have on re-opening expert discovery, further deferring trial, and the Court does not see Defendants' need to re-depose as outweighing such risk.

Further, the Court assesses causation under the Montreal Convention via proximate cause, so the plane crash need not be the sole cause of Estrada's injuries and the relative proportions can be determined by the trier-of-fact. *See Dogbe v. Delta Air Lines, Inc.,* 969 F.Supp.2d 261, 272 (E.D.N.Y. 2013) (applying proximate cause in Montreal Convention analysis to determine cause of injuries, noting "we require only that the passenger be able to prove that some link in the chain was an unusual . . . event external to the passenger" (citing *Air France v. Saks,* 470 U.S. 392, 406 (1985)); *see also Moore v. British Airways PLC,* 32 F.4th 110, 115 (1st Cir. 2022)(using proximate cause analysis under Montreal Convention). Thus, that Plaintiff may have additional causes of her distress does not moot her claim.

The Court does not intend to suggest, as Plaintiff argues, that Defendants should have learned of the family strife by conducting criminal background checks into Estrada's husband and brother by virtue of their being named plaintiffs. To go digging outside the normal discovery process for unknown personal stressors in an individual's life would rarely be a justifiable exercise. Rather, Defendants have offered nothing to explain their

delay in seeking a second deposition and cannot in good faith have expected there would be no consequences for such action.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion is denied with prejudice and the parties are ordered to submit a status report with any outstanding items of discovery, namely an update on the depositions sought by Defendants of Ms. Philicia Deckard and the Person Most Knowledgeable ("PMK"). (Dkt. No. 37-1, Memorandum in Support of Unopposed Motion for Entry of Fifth Amended Scheduling Order.)

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 10/25/2023