IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ANABEL ESTRADA,** | |
| **Plaintiff,** | |
| v. | Case No. 18 C 5526 |
| **AEROVIAS DE MEXICO, S.A. de C.V., individually and d/b/a AEROMEXICO, and AEROLITORAL, S.A. de C.V., individually and d/b/a AEROMEXICO CONNECT,** | Judge Harry D. Leinenweber |
| **Defendants.** | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Consolidate for Trial four cases that Plaintiff argues share common issues of law and fact. (Dkt. No. 40 (Motion to Consolidate) ("Mot.").) The cases concern injuries from which Plaintiffs allegedly suffer as a result of a July 31, 2018, airplane crash in Mexico in which they were all passengers. For the reasons stated herein, Plaintiff's Motion is denied.

### I. BACKGROUND

The cases arise from the July 31, 2018, airplane crash operated by Defendant Aerovias de Mexico as AeromexicoConnect Flight 2431, which was scheduled to depart from Durango, Mexico with an intended destination of Mexico City, Mexico. Each of the four Plaintiffs subject to this Motion, namely Anabel Estrada (Case No. 1:18-cv-05526), Esperanza Jaquez (Case No. 1:18-cv-005535), Crystal Estrada (Case No. 1-18-cv-05540),

and Arturo Bonilla (1:19-cv-04483) (hereinafter, the "Subject Cases"), were then to continue to their final destinations in the United States. In each Subject Case the Plaintiffs brought claims of negligence under the Montreal Convention, an international treaty that imposes liability on an air carrier for a passenger's injury or death caused by an accident during an international flight and which provides airline passengers the opportunity to claim compensatory damages because of these injuries. Montreal Convention, Art. 17(1).

In September 2018, the Subject Cases were filed individually and eventually deemed related, for purposes of discovery, into the *Garcia* (Case No. 1:18-cv-05517) matter before this Court. (*See* Dkt. No. 13, 18-cv-00517.) In this Court's Order granting reassignment of the related cases, the Court granted Defendant's Motion "insofar that this Court accepts the liability-determination portion of those cases; if discrete assessments are required, those assessments will be handled by the originally assigned judge for each respective case." (*Id.*) The four Subject Cases comprise a larger group of nineteen cases in total (though several have since settled) deemed related for purposes of discovery (divided into "Group 1" and "Group 2" cases) brought by other passengers in the same flight. The parties in each of these cases have agreed to the same proposed pre-trial motion schedule, with the exception of the Plaintiffs in Subject Cases at issue here.

In November 2018, Defendant moved to transfer all nineteen cases to the Judicial Panel on Multidistrict Litigation. (Dkt. No. 8, 18-cv-00517.) In February 2019, the United States Judicial Panel on Multidistrict Litigation denied transfer, concluding that centralization was not necessary for the convenience of the parties and witnesses or to

further efficient litigation, as discovery would focus mostly on plaintiffs' alleged damages and there would be little to no discovery on liability issues, being that the cases were personal injury cases. (Dkt. No. 52, 18-cv-00517.)

After discovery closed in each of the four Subject Cases, in October 2023, Plaintiff moved to consolidate the Subject Cases for trial and to set pretrial deadlines under Federal Rule of Civil Procedure 42 and Local Rule 40.4. (Dkt. No. 40, 18-cv-5526.) No other parties in the remaining Aerovias cases have filed motions to consolidate.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) provides that if actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions, consolidate the actions, or issue any other orders to avoid unnecessary cost or delay. *See* FED. R. CIV. PRO. 42(a). A motion to consolidate should only be granted if there are common questions of law or fact. *Mabry v. Village Mgmt., Inc.,* 109 F.R.D. 76, 79 (N.D. Ill. 1985). The primary purpose of consolidation is to promote convenience and judicial economy. *Id*. The moving party has the burden of proving that consolidation is appropriate. *Gaughan v. Crawford,* 2008 WL 11517352, at *4 (N.D. Ill. Jul. 24, 2008). While the court possesses broad discretion to consolidate actions, it should not consolidate when delay, undue prejudice, or confusion may result. *Am. Photocopy Equipment v. Fair (Inc.),* 35 F.R.D. 236, 237 (N.D. Ill. 1936) ("[the court] should not consolidate where confusion or prejudice would result."); "Factors the court may consider to determine whether consolidation is appropriate are: (1) the common questions of law and fact; (2) convenience and judicial economy; (3) delay; and (4) undue

prejudice to any party." *Eason v. Illinois DCFS,* 2009 WL 10740445, at *2 (N.D. Ill. June 25, 2009).

## III. DISCUSSION

Plaintiff argues that consolidation and reassignment is warranted under Federal Rule of Civil Procedure 42(a) because the Subject Cases share common questions of law and fact and thus consolidation and reassignment would promote judicial economy. Plaintiff characterizes the "nature and extent of recoverable damages under the Montreal Convention" as the common question of law amongst the Subject Cases, each of which arises from the same plane accident. Plaintiff notes also that the Plaintiffs in Subject Cases "share similar injuries" and "share fourteen of the same witnesses." (Mot. at 7.)

Defendant argues the Subject Cases do not share a common question of law, as the "nature and extent of recoverable damages" is a fact question, and Defendant does not contest liability under the Montreal Convention. The Court agrees. However, you look at it, these are four personal injury damages trials that share only common questions of fact – did the accident cause the alleged injuries? But even the shared questions of fact vary regarding the individualized physical and mental injuries the Plaintiffs suffered.

Defendant also argues that consolidation would be too prejudicial and unwieldly in practice. It would require the jury to parse through the testimony of all four Plaintiffs, and each of their respective treating physicians and retained experts. While some of Plaintiffs' alleged injuries are the same, each Plaintiff also alleges several injuries specific to that Plaintiff. For example, Anabel Estrada is the only Plaintiff to allege orthopedic knee pain, headaches, and memory impairments; Crystal Estrada is the only to allege

depression; Esperanza Jacquez is the only to allege orthopedic sprains and diabetes complications; and Arturo Bonilla is the only to allege permanent damage to his neck from lumbar spine compression fractures. Defendant notes that only three experts have been retained to provide opinions in all of the Subject Cases, meaning much of trial would consist of witnesses that correspond to only one or a few of the Plaintiffs. And the jury's exposure to each of Plaintiff's personal injury cases creates the risk of bias towards one Plaintiff's case influencing the jury's determination regarding another.

Plaintiff relies heavily on *In re Air Crash Disaster at Stapleton Int'l Airport,* 720 F.Supp. 1455 (D. Colo. 1988), a multidistrict litigation (MDL) that was consolidated to the District of Colorado. The *Stapleton* court noted that consolidation was proper given the "identical evidence and standards of conduct" that the liability phases of individual trials would involve. 720 F.Supp. at 1459. There, the court consolidated issues of liability and *punitive* damages, not the individualized damages Plaintiffs here wish to litigate together. *Id.* at 1457. Conversely, there are no common issues of law amongst Subject Cases here. Plaintiff cites no cases – and the Court could not find any – where, as here, cases were consolidated for trial when *solely* individualized damages questions were at issue. Rather, the cases largely concerned courts electing to consolidate cases with shared liability questions in an effort to avoid disparate liability verdicts. Without any common questions of law, the Court finds the risk of prejudice and confusion outweighs any judicial economy benefits from consolidation of the Subject Cases. Accordingly, Plaintiff does not satisfy her burden under Fed. R. Civ. Pro. 42 to consolidate the Subject Cases.

Plaintiffs make much of the fact that Defendant filed a Motion for Reassignment of the Subject Cases from Judge Kocoras to this Court in September 2018 which adopted the same argument that Defendant now eschews: the Subject Cases share common questions of law and fact, are related, and should be assigned to the same judge for efficiency purposes. However, Defendant's motion over five years ago does not tie the Court, or the parties, to a consolidated *trial*. First, the motion was filed under Local Rule 40.4 which deals with relatedness in the context of reassignment and not with consolidation in the context of trial. Second, the Defendant has since elected not to contest liability under the Montreal Convention since filing their reassignment motion in September 2018, reducing the Subject Cases to four individualized damages trials, and rendering consolidation less viable. Third, the Court agreed to relate and reassign the Subject Cases only "insofar that this Court accepts the liability-determination portion of those cases; if discrete assessments are required, those assessments will be handled by the originally assigned judge for each respective case." (*See* Dkt. No. 13, 18-cv-00517.) The Court did not agree to relate the cases for purposes of assessing individual damages.

Plaintiff argues in the alternative that consolidation and reassignment are warranted under this district's Local Rule 40.4. Plaintiff requests that the cases be reassigned under Local Rule 40.4(b) to Judge Kocoras because the cases meet criteria for relatedness under Local Rule 40.4(a). But Local Rule 40.4 does not mention consolidation. Rather, it governs the relatedness of cases and the reassignment of related cases between judges. N.D. Ill. Local R. 40.4. *See Peery v. Chicago Hous. Auth.,* 2013 WL 5408860, at *2 (N.D. Ill. Sept. 26, 2013) ("[P]laintiffs appear to conflate reassignment

- 6 -

for relatedness under LR 40.4 with consolidation under Federal Rule of Civil Procedure 42.") If the Court understands Plaintiff's argument correctly, Plaintiff wants the Subject Cases – which this Court already deemed related for purposes of discovery per Local Rule 40.4 and which were reassigned to this Court in 2018 – to be re-classified as related per Local Rule 40.4 and reassigned to Judge Kocoras, the judge originally assigned to the lowest-filed Subject Case. This is not the proper use of Local Rule 40.4, which permits the relating of cases *not already related,* before different judges, to be deemed related and reassigned to the same judge.

## IV. CONCLUSION

For the reasons stated herein, the Court denies Plaintiff's Motion to Consolidate the Subject Cases. The parties are ordered to confer with the aim of agreeing on a proposed schedule for pre-trial filings if Plaintiffs remain unwilling to agree to the proposed schedule agreed to by the parties in Group 1 and Group 2 on or before 1/22/24.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 12/19/2023